IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01279-BNB

MARK ANTHONY ESQUIBEL,

    Plaintiff,

v.

CAROL CHAMBERS, Official & Individual Capacity,
DOUGLAS G. BECHTEL, Official & Individual Capacity,
"OFFICER SMITH," Official & Individual Capacity,
"OFFICER TODIS," Official & Individual Capacity,
"SHERIFF J. GRAYSON ROBINSON," Official & Individual Capacity, and
BRIAN WILLIAMSON, Official & Individual Capacity,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Mark Anthony Esquibel, is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Esquibel has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Esquibel is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Esquibel will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Esquibel fails to allege specific facts in support of each of his claims.

Instead, the Prisoner Complaint consists of unnecessary legal argument and conclusory allegations that Defendants have violated Mr. Esquibel's constitutional rights rather than a clear and concise statement of the specific facts that provide the basis for the claims he is asserting. Mr. Esquibel alleges that he was arrested by the Defendant police officers on November 20, 1999, and it appears that he currently is being prosecuted in the Arapahoe County District Court for one or more criminal offenses that led to his arrest on November 20, 1999. However, in addition to the police officers who arrested him, Mr. Esquibel names as Defendants the district attorney for Arapahoe County, the deputy district attorney prosecuting his criminal case, his public defender, and the Arapahoe County Sheriff. Mr. Esquibel's claims against the Defendants other than the arresting officers are particularly unclear and lacking in factual support.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Esquibel "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Esquibel must show that each Defendant caused the deprivation of a federal right. **See Kentucky v.**

*Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for constitutional violations committed by someone else on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, Mr. Esquibel will be ordered to file an amended complaint that clarifies the factual basis for the claims he is asserting if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Esquibel file **within thirty (30) days from the date of this order** an amended complaint that clarifies his claims as directed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Esquibel, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Esquibel fails to file an amended complaint within the time allowed that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 25th day of June, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01279-BNB

Mark Anthony Esquibel
Prisoner No. 61913
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/28/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk