IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01279-BNB

MARK ANTHONY ESQUIBEL,

Plaintiff,

v.

DOUGLAS G. BECHTEL,
BRIAN WILLIAMSON,
OFFICER SMITH,
OFFICER TODIS, and
SHERIFF J. GRAYSON ROBINSON,

Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mark Anthony Esquibel, is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Esquibel initiated this action by filing *pro se* a Prisoner Complaint. In an order filed on June 28, 2010, Magistrate Judge Craig B. Shaffer ordered Mr. Esquibel to file an amended complaint that clarifies the factual basis for the claims he is asserting in this action. On July 21, 2010, Mr. Esquibel filed an amended Prisoner Complaint seeking damages and unspecified injunctive relief pursuant to 42 U.S.C. § 1983. Mr. Esquibel also asserts jurisdiction pursuant to 28 U.S.C. § 2254.

Mr. Esquibel has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended Prisoner Complaint at any time if the claims asserted are frivolous. A

legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous. The Court will dismiss Mr. Esquibel's habeas corpus claims as premature and will decline to exercise subject matter jurisdiction over Mr. Esquibel's remaining claims for damages pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

The Court must construe the amended Prisoner Complaint liberally because Mr. Esquibel is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Esquibel's claims in this action arise out of his arrest on November 20, 2009 and the state court criminal proceedings that followed. He specifically alleges that he was arrested without a warrant or probable cause by Officers Smith and Todis of the Sheridan Police Department and that he was subjected to an illegal search and seizure at the time of his arrest. However, despite the fact that Mr. Esquibel names Officers Smith and Todis as Defendants in this action, he does not specifically assert any claims against them in the amended Prisoner Complaint. Instead, Mr. Esquibel asserts

constitutional claims against Douglas G. Bechtel, the deputy district attorney prosecuting him in the Arapahoe County District Court, and Brian Williamson, the deputy state public defender appointed to represent him in the criminal case. Mr. Esquibel claims that Defendants Bechtel and Williamson are preventing him from receiving a fair trial by intentionally withholding and failing to disclose to the trial court exculpatory evidence regarding his illegal arrest and the unlawful search and seizure. Mr. Esquibel also asserts a claim against Arapahoe County Sheriff J. Grayson Robinson, who allegedly is detaining him illegally in the Arapahoe County Detention Facility. Mr. Esquibel alleges that his state court criminal trial was scheduled to commence on July 19, 2010.

The Court first will address Mr. Esquibel's claim for damages against Sheriff Robinson that arises out of his allegedly illegal detention in the Arapahoe County Detention Facility. The Court finds that Mr. Esquibel's claim for damages challenging his detention in the Arapahoe County Detention Facility is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Esquibel is not challenging a conviction or sentence, the rule in *Heck* is not limited solely to claims challenging the validity of criminal convictions and sentences; the rule also applies to claims seeking to invalidate the results of other

3

forms of detention. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *see also Cohen v. Clemens*, 321 F. App'x 739, 741-42 (10th Cir. 2009) (applying *Heck* to claims for damages by immigration detainee challenging legality of his detention). Therefore, the Court finds that the rule in *Heck* is applicable to Mr. Esquibel's claim challenging his allegedly illegal detention in the Arapahoe County Detention Facility.

Mr. Esquibel does not allege, and there is no indication in the Court's file, that he has invalidated the legality of his detention in the Arapahoe County Detention Facility. Therefore, the constitutional claim for damages asserted against Sheriff Robinson is barred by *Heck* and will be dismissed as legally frivolous.

The Court next will address Mr. Esquibel's claims against Defendants Bechtel and Williamson that arise out of his ongoing state court criminal case. The Court notes initially that, to the extent Mr. Esquibel asserts jurisdiction over these claims pursuant to 28 U.S.C. § 2254, the claims are premature because Mr. Esquibel does not allege that he has been convicted of any criminal offenses in the state court proceedings, *see* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"), and it is clear that he has not exhausted state remedies for any habeas corpus claims, *see* 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available

in the courts of the State").

The Court will decline to exercise jurisdiction over Mr. Esquibel's § 1983 claims for damages against Defendants Bechtel and Williamson pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Esquibel does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. The fact that Mr. Esquibel will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). If Mr. Esquibel ultimately is convicted in state court and he believes that his federal constitutional rights were violated in connection with that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Therefore, the Court will abstain from exercising jurisdiction over Mr. Esquibel's claims for damages against Defendants Bechtel and Williamson.

Finally, as noted above, Mr. Esquibel does not assert any claims against

Defendants Smith and Todis in the amended Prisoner Complaint. However, even construing the amended Prisoner Complaint liberally as including claims against Defendants Smith and Todis, the Court will abstain from exercising jurisdiction over those claims pursuant to *Younger* for the same reasons discussed above. Accordingly, it is

ORDERED that Plaintiff's claim for damages asserted against Defendant J. Grayson Robinson is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that Plaintiff's claims pursuant to 28 U.S.C. § 2254 are dismissed without prejudice as premature. It is

FURTHER ORDERED that the Court abstains from exercising jurisdiction over Plaintiff's remaining claims for damages pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). It is

FURTHER ORDERED that the complaint and the action are dismissed.

DATED at Denver, Colorado, this _5th_ day of _August_, 2010.

BY THE COURT:

_s/Philip A. Brimmer_
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01279-BNB

Mark Anthony Esquibel
Prisoner No. 61913
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk